No. 04-96-00322-CV



SOUTHWESTERN BELL TELEPHONE CO.,


Appellant



v.



Virginia PAWLIK,


Appellee



From the 57th Judicial District Court, Bexar County, Texas


Trial Court No. 91-CI-16412


Honorable Janet Littlejohn, Judge Presiding



Opinion by: Sarah B. Duncan, Justice


Sitting: Catherine Stone, Justice

 Paul W. Green, Justice

 Sarah B. Duncan, Justice


Delivered and Filed: July 31, 1998


REVERSED AND RENDERED


 Southwestern Bell Telephone Company appeals the trial court's judgment in favor of
Virginia Pawlik on her claim that Bell negligently investigated her complaint that her former
boyfriend, a fellow Bell employee, wiretapped and monitored her telephone conversations with her
current boyfriend. We hold there is no evidence Bell breached its duty to reasonably investigate
Pawlik's complaint and therefore reverse the judgment and render judgment in Bell's favor.

Factual and Procedural Background


 On August 1, 1989, Virginia Pawlik complained to the Federal Bureau of Investigation that
her former boyfriend, a fellow Bell employee, was wiretapping and monitoring her conversations
with Ed Kalka, her current boyfriend. The FBI referred Pawlik to Rob Wimmer, a former FBI agent
and Bell's general security manager in San Antonio. After Pawlik presented her complaint to
Wimmer, he initiated an investigation and, with the help of other Bell employees, including Tom
Nolan, Bell's area security manager for South Texas, and Rex Parks, Bell's security manager in San
Antonio: (1) tested the structural integrity of Pawlik's and Kalka's residential phone lines with a
series of tests known as "MLTs" and also with a voltage meter; (2) when the tests on Pawlik's lines
indicated unacceptable voltage fluctuations, moved her phone service to another pair of wires; and
(3) physically inspected Pawlik's and Kalka's lines for wiretap devices from the interface at their
residences, through the serving terminals, to the central switching office. After this investigation,
Bell notified Pawlik and Kalka it had found no evidence to support Pawlik's complaint.

 Dissatisfied with Bell's response, Pawlik next complained to Sergeant David Hollum in the
Criminal Intelligence Division of the Texas Department of Public Safety. After reviewing Bell's
investigation with Wimmer and Parks, Hollum also concluded there was no evidence to support
Pawlik's complaint. The FBI reached the same conclusion.

 Still dissatisfied, Pawlik took her complaint to various Bell officers, including the president
of Bell's Texas Division. In each instance, the response was the same: Bell found no evidence to
substantiate Pawlik's accusation. Ultimately, shortly after taking early retirement, Pawlik sued her
former boyfriend; one year later, Pawlik added Bell as a defendant. Pawlik settled with her former
boyfriend before trial and presented her claims against Bell to a jury. The jury found Bell negligent
and grossly negligent in investigating Pawlik's complaint and ninety percent at fault in causing
Pawlik's injuries. The trial court rendered judgment on the verdict for $245,000 in actual damages
and $250,000 in exemplary damages and later denied Bell's postjudgment motions. Bell appealed.

Breach of Duty


 Under its fourth point of error, Bell concedes it owed Pawlik a duty to reasonably investigate
her complaint. But, it argues, there is no evidence it breached this duty. We agree.

Scope and Standard of Review


 In reviewing a legal sufficiency complaint, we review the entire record to determine whether
there is any direct evidence supporting the jury's finding. Formosa Plastics Corp. USA v. Presidio
Engineers and Contractors, Inc., 960 S.W.2d 41, 48 (Tex. 1998). If there is no direct evidence
supporting the finding, we review the evidence supporting the finding "in a light most favorable to
the party in whose favor the verdict has been rendered" to determine whether there are any
reasonable inferences "to be indulged in that party's favor." Id.; see also Robert W. Calvert, "No
Evidence" and "Insufficient Evidence" Points of Error, 38 Tex. L. Rev. 361, 362-65 (1960).
"Anything more than a scintilla of evidence is legally sufficient to support the finding." Formosa
Plastics, 960 S.W.2d at 48. Evidence is less than scintilla when it "is so weak as to do no more than
create a mere surmise or suspicion of its existence" and "reasonable minds cannot differ from the
conclusion that the evidence lacks probative force ...." Calvert, 38 Tex. L. Rev. at 363-64.

Discussion


 Pawlik pleaded Bell "did not conduct a reasonable investigation" of her complaint. To
establish the parameters of a "reasonable investigation," Pawlik relies upon the testimony of Tom
Nolan, Bell's area security manager for South Texas, and Rex Parks, Bell's security manager in San
Antonio. Nolan and Parks testified there are three steps in investigating a wiretapping or monitoring
complaint: (1) evaluate the functional integrity of the customer's telephone lines with tests known
as MLTs; (2) determine if any wiretapping devices are connected to the customer's telephone line
by a physical inspection; and (3) if indicated, interview witnesses.

 Assuming this testimony adequately establishes the applicable standard of care, the
undisputed evidence establishes Bell met the standard--it performed MLTs on Pawlik's and Kalka's
residential phone lines and, when Pawlik's line showed unacceptable voltage fluctuations on a
voltage meter test, it moved her telephone service to another pair of wires, and it physically
inspected Pawlik's and Kalka's residential phone lines and determined there were no wiretap devices
connected to either line. Because these tests did not indicate Pawlik's or Kalka's lines were being
wiretapped or monitored, Bell did not initially interview any witnesses. Later, when Pawlik's
complaint persisted, Bell interviewed Pawlik's former boyfriend and others. Nolan and Parks both
testified Bell's investigation was reasonable.

 Pawlik insists, however, Bell's investigation was deficient because, as Parks testified, it is
required to use investigation methods that are likely to detect the problem complained of, and all
witnesses agreed that, because MLTs present only a momentary snapshot of the line, they cannot
detect intermittent monitoring. Pawlik misinterprets the testimony. As Wimmer testified, MLTs
cannot and do not provide proof of wiretapping or monitoring. But they can indicate problems in the
functional integrity of the complaining customer's telephone lines, and repairing these functional
problems may resolve the clicks and pops customers associate with wiretapping or monitoring.
Therefore, MLTs are the first step in an investigation of this nature in general and, given Pawlik's
complaints, in the investigation of Pawlik's complaint in particular.

 Pawlik also argues a physical inspection of the telephone lines was irrelevant because, as all
witnesses agreed, monitoring does not require attaching a physical device to a telephone line. Merely
because a physical inspection is unnecessary in investigating monitoring, however, does not render
it irrelevant to wiretapping. And, as Bell's security experts testified, Bell investigated both as a
matter of course and in Pawlik's case in particular.

 Pawlik also argues Bell's investigation was deficient because it did not conduct MLTs on
her office lines. The record establishes, however, Pawlik's complaints regarding her office line
centered on her voice mail; for instance, her voice mail box contained a message left for another Bell
employee, and someone left a country and western song recording in her box. These complaints
could not properly be addressed by MLTs.

 Finally, Pawlik argues Bell's investigation was incomplete because it failed to interview or
investigate her former boyfriend and his jealousy of her relationship with her current boyfriend.
Nolan, however, testified interviews are the third step in an investigation only if they are indicated,
and no witness testified they were indicated in investigating Pawlik's accusations in light of the
negative results obtained in the first two steps. Indeed, Pawlik's own expert, Lorenzo Gonzalez,
testified his review did not reveal any objective evidence Pawlik's former boyfriend wiretapped or
monitored Pawlik's or Kalka's telephone lines. In fact, the only evidence Gonzalez saw of any
possible tampering with Pawlik's line was that both of her residential lines indicated trouble at the
same time, which he believed was unusual; however, Gonzalez found no evidence these problems
were caused by wiretapping or monitoring. Moreover, the record establishes without dispute that
these line problems were cleared after Pawlik's service was moved to another pair of lines and
retested.

 Because there is no evidence Bell did not reasonably investigate Pawlik's complaint, we
sustain its fourth point of error, reverse the trial court's judgment, and render judgment in favor of
Bell.


 Sarah B. Duncan, Justice

Do not publish



Return to
4th Court of Appeals Opinions